FILED

2017 FEB -3  PM 3: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 17-CR17-0064 |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Possess With Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession With Intent to Distribute Methamphetamine; 18 U.S.C. § 982(a)(1)(A): Criminal Forfeiture] |
| ESMERALDA GOMEZ,<br>   aka "Esmeralda Jimenez<br>     Miranda,"<br>   aka "Guera,"<br>RAYMUNDO LUGO MARTINEZ,<br>   aka "Musico,"<br>JAVIER HERNANDEZ,<br>   aka "Francisco Javier<br>     Iniguez,"<br>   aka "Demetrio Peralta<br>     Gonzalez,"<br>   aka "Pancho," and<br>HENRY QUIJADA,<br><br>     Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A. OBJECT OF THE CONSPIRACY

Beginning on an unknown date, and continuing until on or about October 16, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants ESMERALDA GOMEZ, also known as ("aka") "Esmeralda Jimenez Miranda," aka "Guera" ("GOMEZ"), RAYMUNDO LUGO MARTINEZ, aka "Musico" ("LUGO"), JAVIER HERNANDEZ, aka "Francisco Javier Iniguez," aka "Demetrio Peralta Gonzalez," aka "Pancho" ("HERNANDEZ"), and HENRY QUIJADA, and others known and unknown to the Grand Jury, conspired and agreed with one another to knowingly and intentionally possess with intent to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendant GOMEZ would recruit and hire drivers to travel to Mexico, pick up vehicles loaded with controlled substances, and drive the vehicles to the United States.

2. Defendants LUGO and HERNANDEZ would retrieve the drugs from hidden compartments in the vehicles that were brought into the United States from Mexico.

3. Defendant QUIJADA would maintain a location for the off-loading of drugs from load vehicles.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish the object thereof, defendants GOMEZ, LUGO, HERNANDEZ, and QUIJADA, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, on or about the following dates, including but not limited to the following:

1. On October 7, 2015, at the direction of defendant GOMEZ, an individual defendant GOMEZ believed to be a drug trafficker, but who was, in fact, a law enforcement confidential informant ("CI"), recruited an unindicted co-conspirator to drive a 2007 Audi A4 outfitted with a false compartment that contained approximately six kilograms of methamphetamine from Mexico to the United States.

2. On October 11, 2015, defendant GOMEZ instructed the CI to take possession of the Audi A4 for delivery to defendants LUGO and HERNANDEZ.

3. On October 11, 2015, defendant GOMEZ instructed the CI by telephone to contact defendant LUGO for the purpose of arranging the delivery of the methamphetamine.

4. On October 11, 2015, defendant LUGO instructed the CI by telephone to meet him at a gas station near Citrus Avenue and Interstate 210 in Fontana, California.

5. On October 11, 2015, defendants LUGO and HERNANDEZ met the CI at this location and instructed the CI to follow them to 15552 Elaine Drive, Fontana, California.

6. On October 11, 2015, defendants LUGO and HERNANDEZ instructed the CI to drive the Audi A4 into the garage of the residence at 15552 Elaine Drive, Fontana, California.

7. On October 11, 2015, defendant GOMEZ instructed the CI by telephone to give the keys to the Audi A4 to defendant LUGO.

8. On October 11, 2015, defendant LUGO instructed the CI to enter the residence at 15552 Elaine Drive, Fontana, California, while defendants LUGO and HERNANDEZ worked on the inside of the Audi A4.

9. On October 11, 2015, defendant QUIJADA, who was the owner of the residence at 15552 Elaine Drive, Fontana, California, met the CI inside the residence and stated that he and defendants LUGO and HERNANDEZ had been expecting the load of methamphetamine since the previous day.

10. On October 11, 2015, defendants LUGO and HERNANDEZ worked on opening a compartment inside the center console of the Audi A4 while QUIJADA watched from the doorway between the house and the garage.

11. On October 11, 2015, defendants LUGO and HERNANDEZ left the residence at 15552 Elaine Drive, Fontana, California.

12. On October 11, 2015, defendant QUIJADA waited inside the garage beside the Audi A4 for defendants LUGO and HERNANDEZ to return.

13. On October 11, 2015, defendants LUGO, HERNANDEZ, and QUIJADA possessed approximately six kilograms of methamphetamine inside the garage of the residence.

14. On October 16, 2015, during a recorded telephone call, defendant GOMEZ informed the CI that defendant GOMEZ was being charged $63,000 for the loss of the six kilograms of methamphetamine.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 11, 2015, in Los Angeles County, within the Central District of California, defendants ESMERALDA GOMEZ, also known as ("aka") "Esmeralda Jimenez Miranda," aka "Guera," RAYMUNDO LUGO MARTINEZ, aka "Musico," JAVIER HERNANDEZ, aka "Francisco Javier Iniguez," aka "Demetrio Peralta Gonzalez," aka "Pancho," and HENRY QUIJADA knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 6,169 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[18 U.S.C. § 982(a)(1)(A)]

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1)(A).

2. Count One of this Indictment alleges that defendants ESMERALDA GOMEZ, also known as ("aka") Esmeralda Jimenez Miranda, aka "Guera" ("GOMEZ"), RAYMUNDO LUGO MARTINEZ, aka "Musico" ("LUGO"), JAVIER HERNANDEZ, aka "Francisco Javier Iniguez," aka "Demetrio Peralta Gonzalez," aka "Pancho" ("HERNANDEZ"), and HENRY QUIJADA ("QUIJADA") engaged in a conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A)(viii). Count Two of this Indictment alleges that defendants GOMEZ, LUGO, HERNANDEZ, and QUIJADA possessed with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii). Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendants GOMEZ, LUGO, HERNANDEZ, and QUIJADA that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982, in the event of any such defendant's conviction under Counts One and Two of this Indictment. Upon such conviction, each defendant that is convicted of this offense shall forfeit to the United States any right, title, and interest in any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to, following:

     a. The sum of money equal to the total amount of property involved in, or traceable to property involved in, the charged violations; and

     b. All assets, including, without limitation, vehicles, bank accounts, and real property of defendants GOMEZ, LUGO, HERNANDEZ, and QUIJADA involved in such violations.

3. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense. By virtue of the commission of the felony offenses charged in Counts One and Two of this Indictment, any and all interest that a defendant has in the property involved in, or traceable to property involved in, the offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

4. If any of the property described above, as a result of any act or omission of the defendants:

     a. cannot be located upon the exercise of due diligence;

     b. has been transferred or sold to, or deposited with, a third party;

     c. has been placed beyond the jurisdiction of the court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

/S/
Foreperson

EILEEN M. DECKER
United States Attorney



LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug
Enforcement Task Force Section

JULIE J. SHEMITZ
Assistant United States Attorney
Organized Crime Drug Enforcement
Task Force Section